E-FILED
Thursday, 28 May, 2026  11:37:37 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 19-CR-20072** |
| **v.** ) | |
| ) | |
| **CHRISTINE A. COLLINS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Defendant Christine A. Collins pled guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). On May 9, 2022, Defendant was sentenced to 192 months in custody of the Federal Bureau of Prisons ("BOP").

Presently before the court is Defendant's third pro se Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018 (#178), filed on January 16, 2026. [1] The government filed a Response (#179) on January 30, 2026, to which Defendant filed a Reply (#182) on February 20, 2026. For the following reasons, the Motion (#178) is DENIED.

---

[1] After the instant Motion was filed, the court received letters from Defendant and her mother with more details regarding their family circumstances. The court will consider those letters when ruling on the Motion.

## ANALYSIS

The court begins by briefly recapping its rulings on Defendant's prior Motions for Compassionate Release. Defendant's first Motion (#172) was denied for several reasons. As relevant here, the court found that Defendant failed to establish that her family circumstances justified release because she did not demonstrate that she was the sole available caregiver for an incapacitated family member, nor did she provide sufficient documentation to support her claims. The court also found her argument regarding sentencing disparities incomplete and unpersuasive. Defendant's second Motion (#176) was denied on the same grounds, and the court noted that Defendant's efforts towards rehabilitation were commendable but were not alone an extraordinary and compelling reason for early release.

In the instant Motion, Defendant raises substantially the same arguments. She again seeks a sentence reduction under § 3582(c)(1)(A), asserting that (1) she is needed to care for her ailing mother; (2) sentencing disparities justify relief; and (3) she has demonstrated significant rehabilitation and readiness for reentry. The government argues that the Motion should be denied because Defendant has failed to establish that her mother is incapacitated and that Defendant is the only available caregiver, that her sentencing disparity argument remains underdeveloped, and that rehabilitation alone is insufficient to justify early release. The government also contends that the factors in 18 U.S.C. § 3553(a) weigh against release.

The court reiterates its prior rulings as to Defendant's rehabilitation and sentencing disparity arguments. As previously explained, Defendant's progress toward rehabilitation alone is not grounds for early release.[2] See 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for early release). Likewise, the court continues to find that the cases cited by Defendant in support of her sentencing disparity argument are "either distinguishable, non-binding, unpersuasive, completely irrelevant, or various combinations of those characterizations." Order (#175), at 8. Because Defendant develops no meaningful new argument on these points, the court again rejects those arguments without further discussion.

Accordingly, the court focuses on Defendant's argument regarding her family circumstances.

*Legal Standard*

"A court 'may reduce the term of imprisonment' if it finds that 'extraordinary and compelling reasons warrant such a reduction' and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Ellis*, 2025 WL 1399986, at *6 (C.D. Ill. May 14, 2025) (quoting § 3582(c)(1)(A)).

The Seventh Circuit has explained that evaluating a motion under § 3582(c)(1)(A) involves a two-step process: (1) the prisoner must identify an "extraordinary and

---

[2] Obviously, Defendant argues multiple grounds for early release and not just rehabilitation. But, as will be discussed, Defendant's other arguments fall short so rehabilitation would be the only ground supporting early release.

compelling" reason warranting a sentence reduction; and (2) upon a finding that the prisoner has supplied such a reason, the district court, in exercising the discretion conferred by the compassionate release statute, considers any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).[3]

"[T]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). "When determining whether a prisoner has raised an extraordinary and compelling reason, a court should consider all the reasons raised '[i]ndividually and collectively.'" *Ellis*, 2025 WL 1399986, at *6 (citing *United States v. Vaughn*, 62 F.4th 1071, 1073 (7th Cir. 2023)). Even if a single reason would not itself meet the threshold, "the collective effect of all the reasons raised may be extraordinary and compelling." *Id.*

*Family Circumstances*

Under the United States Sentencing Guidelines, a defendant's family circumstances may qualify as an "extraordinary and compelling" reason for early release where a defendant's parent is "incapacitated," and the defendant would be the only available caregiver. U.S.S.G. § 1B1.13(b)(3). Defendant seeks a sentence reduction

---

[3] In order for a defendant to reach this two-step process, they must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). The government concedes that Defendant has complied with the exhaustion requirement.

4

under § 1B1.13(b)(3) so she may serve as the "primary caregiver" for her elderly mother who suffers from numerous health conditions. Defendant asserts that her mother's health is declining and she bears a significant burden after assuming full-time care and guardianship of Defendant's minor child.[4] She further represents that her father has passed away and her sister lost her battle with cancer in May 2025.

In support of her Motion, Defendant submitted certain medical records relating to her mother. The government argues that these records are limited and do not substantiate Defendant's claim that her mother is incapacitated. Specifically, the government notes that the records do not describe the extent to which Defendant's mother is unable to perform activities of daily living, do not indicate that she cannot live independently, and do not explain how caring for Defendant's child impacts her medical conditions.

The court agrees with the government. Although the records demonstrate that Defendant's mother suffers from multiple health conditions, they do not establish that she is "incapacitated" within the meaning of § 1B1.13(b)(3). "'Incapacitation' under § 1B1.13(b)(3) has been defined as meaning 'that the individual is "completely disabled" and "cannot carry on any self-care"' or 'is totally confined to a bed or chair.'" *United*

---

[4] The court would note that Defendant's mother's letter indicates that she has had custody of Defendant's child for the last six years.

*States v. Bond*, 2025 WL 441761, at \*2 (C.D. Ill. Feb. 10, 2025) (quoting *United States v. Gross*, 2024 WL 4100325, at \*3 (N.D. Ind. Sept. 5, 2024)).[5]

The medical documentation does not show that Defendant's mother is bedbound, immobile, or unable to care for herself. Nor does it describe functional limitations sufficient to permit the court to conclude that she is incapable of independent living. In fact, her mother's letter to the court explains that she "can't walk without help," but that she still ambulates with a walker. While the court remains sympathetic to Defendant's family situation and does not doubt that her mother faces significant health challenges, the compassionate release statute requires more than a showing of hardship. It requires a specific evidentiary showing that meets the standard set forth in the Sentencing Guidelines. Importantly, the court also cannot draw its own medical conclusions from medical records. See *Newton*, 996 F.3d at 490 ("District courts must base factual conclusions on record evidence; they cannot render unsupported medical opinions."). Here, the record lacks sufficient evidence to support a finding of incapacitation; thus, the defendant has failed to meet her burden.

Additionally, Defendant's reliance on cases such as *United States v. Bucci*, 409 F. Supp. 3d 1 (D. Mass. 2019), and *United States v. Lisi*, 440 F. Supp. 3d 246 (S.D.N.Y. 2020), does not alter this conclusion. Those decisions either lack sufficiently analogous factual

---

[5] In her Reply, Defendant argues that this understanding of "incapacitation" is overly strict, particularly in light of her pro se status, and suggests that a "bedbound" condition should not be required. However, Defendant does not identify an alternative standard supported by any authority.

detail or involve substantially more developed evidentiary records, including corroborating documentation showing both the severity of the family member's condition and the absence of alternative caregivers. Defendant has not made a comparable showing here.

Finally, even if Defendant had established incapacitation, she must also demonstrate that she is the *only* available caregiver. Even if the court considers Defendant's mother's letter as an affidavit attesting to the death of Defendant's father and sister, Defendant has not demonstrated the absence of other potential caregivers. Defendant did not provide evidence in the form of affidavits from physicians, social workers, family members, or others addressing the availability of care. See *United States v. Lindsey*, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) ("[C]ourts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions before concluding that an extraordinary and compelling reason has been established." (cleaned up)).

The court does not discount the difficulty of Defendant's circumstances. A parent's declining health, combined with the loss of family members and the responsibility of caring for a minor child, presents a difficult and stressful situation. However, Defendant has not met her burden of demonstrating that her mother is incapacitated and that Defendant is the sole available caregiver. Therefore, Defendant has not established there is an "extraordinary and compelling" reason warranting a sentence reduction under § 1B1.13(b)(3)(B). Because Defendant has not satisfied this

7

threshold requirement, the court need not consider the applicable sentencing factors in

§ 3553(a). See *Thacker*, 4 F.4th at 576.

 IT IS THEREFORE ORDERED:

Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C.

§ 3582(c)(1)(A) and First Step Act of 2018 (#178) is DENIED.

ENTERED on this 28th day of May 2026.

> s/ *Colin S. Bruce*
> COLIN S. BRUCE
> CHIEF U.S. DISTRICT JUDGE